**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BENITA HARRIS, | |
| Plaintiff, | |
| v. | No. 20-cv-01640 |
| | Judge Franklin U. Valderrama |
| EQUIFAX INFORMATION SERVICE, LLC, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Benita Harris (Harris) brought suit against Equifax Information Services, LLC (Equifax), alleging it violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*. Specifically, in her one-count Complaint, Harris alleges that Equifax (i) failed to conduct a reasonable reinvestigation of a disputed matter in violation of § 1681i(a); (ii) failed to delete inaccurate information from Harris's credit file in violation of § 1681i(a)(5); and (iii) failed to follow reasonable procedures to assure maximum possible accuracy of Harris's credit report in violation of § 1681e(b). Equifax has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 12, Mot. Dismiss.[1] For the reasons that follow, Equifax's motion to dismiss is granted, and Harris's Complaint is dismissed with prejudice.

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

## Background

Harris opened a consumer credit card with Credit One Bank, N.A. and incurred an alleged debt. R. 1, Compl. ¶ 6.[2] LVNV Funding, LLC (LVNV) subsequently started collecting on the alleged debt and began reporting the alleged debt sometime in 2018. *Id*. ¶¶ 7–8. On June 24, 2019, Harris (through counsel) sent a letter to LVNV by certified mail seeking clarification on the alleged debt. *Id*. ¶ 9. The letter also stated that LVNV's reporting was inaccurate. *Id*. LVNV received the letter on July 1, 2019. *Id*. ¶ 10. LVNV did not respond to the letter. *Id*. ¶ 11

In August 2019, LVNV communicated credit information regarding Harris's alleged debt to the Equifax consumer reporting agency, including the outstanding balance, the account number, and the date reported. Compl. ¶ 12. LVNV did not communicate to Equifax that Harris's debt was disputed. *Id*. ¶ 13. As a result, Harris's credit score was lowered. *Id*. ¶ 14.

On or about September 10, 2019, Harris (through counsel) sent a second letter to LVNV by certified mail stating that LVNV's reporting was inaccurate. Compl. ¶ 16. The letter requested verification of the alleged debt, as well as proof of LVNV's right to collect the alleged debt. *Id*. ¶ 16. LVNV responded to the second dispute letter and provided supporting documentation that it described as proof of the alleged debt's "validity." *Id*. ¶ 18. That supporting documentation did not include any documents

---

[2]The Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

establishing LVNV's ownership of the debt but did include additional copies of Credit One's records. *Id*. ¶ 19.

On October 24, 2019, Harris (again, through counsel) sent a letter to Equifax stating that inaccurate information was being reported on her credit report regarding the alleged Credit One debt. Compl. ¶ 23. The letter included copies of all the supporting documentation provided by LVNV in response to Harris's letters. *Id*. Aside from acknowledging receipt, Equifax did not respond to the substance of Harris's counsel's letter. *Id*. ¶ 27. Harris discovered, after obtaining copies of her recent credit reports, that Equifax was still reporting the LVNV tradeline with a balance as of the date of the Complaint (March 6, 2020). *Id*. ¶ 28.

Harris filed suit against Equifax, alleging that it violated the FCRA in that Equifax failed to conduct a reasonable reinvestigation of a disputed matter in violation of § 1681i(a); failed to delete inaccurate information from Harris's credit file in violation of § 1681i(a)(5); and failed to follow reasonable procedures to assure maximum possible accuracy of Harris's credit report in violation of § 1681e(b). Equifax now moves to dismiss Harris's Complaint pursuant to Rule 12(b)(6).

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual

allegations, accepted as true, sufficient "to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

The FCRA provides that "whenever a consumer reporting agency prepares a consumer report[,] it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "Section 1681e(b) does not define 'inaccurate' nor does it draw a line between factual and legal 'accuracy.'" *Denan v. Trans Union LLC,* 959 F.3d 290, 294 (7th Cir. 1994). Should a consumer dispute information in her report, the FCRA then demands that a consumer reporting agency conduct "a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." § 1681i(a)(1)(A). To state a claim under either § 1681i(a) or § 1681e(b), as Harris asserts here, the consumer must allege that her credit report contains inaccurate information. *See Denan,* 959 F.3d at 297; *see also Walton v. BMO Harris Bank N.A.*, 761 F. App'x 589, 591 (7th Cir. 2019).

Equifax argues that Harris's Complaint should be dismissed for three reasons. Mot. Dismiss at 5. First, Equifax maintains that liability under § 1681e(b) and § 1681i requires the existence of factually inaccurate information, and Harris fails to allege that her credit report contained such inaccurate information. *Id*. Second, Equifax contends that the FCRA is not a means to collaterally attack the validity of a debt. *Id*. at 5–6. And third, Equifax asserts that Harris's claim under § 1681i(c) is deficient, because Harris does not allege that she asked Equifax for a statement of dispute on her file; without this request, Equifax contends that its duty to include a statement of dispute was not triggered. *Id*. at 6. The Court addresses Equifax's first two related arguments and need not address the third.

## A. Failure to Plead Inaccurate Information

As a threshold matter, Equifax asserts that Harris must allege a factual inaccuracy in Equifax's reporting of Harris's credit to establish a claim under the FCRA. Mot. Dismiss at 6 (citing *Handrock v. Ocwen Loan Servicing, LLC*, 216 F. Supp. 3d 869, 873 (N.D. Ill. 2016) ("To state a claim under either 1681e(b) or § 1681i, Plaintiffs must allege that their credit reports contained inaccurate information.")). Equifax notes that while Harris summarily claims that Equifax's reporting was not accurate, Harris has not asserted any factual allegations concerning the accuracy of Equifax's reporting. *Id*. at 6. Equifax explains that Harris instead disputes the accuracy of its reporting by attacking the validity of the Credit One debt on the basis that LVNV did not own the Credit One account. *Id*. Equifax contends that courts have consistently held that attacks on the validity of a debt are legal issues and not factual

5

inaccuracies subject to reinvestigation. *Id*. at 7 (citing *Denan,* 959 F.3d at 297; *Humphrey v. TransUnion LLC*, 759 F. App'x 484, 488 (7th Cir. 2019); *DeAndrade v. TransUnion LLC*, 523 F.3d 61, 68 (1st Cir. 2008)). Additionally, Equifax further argues that Harris's claim that LVNV does not own the Credit One debt is conclusory and unsupported by any factual allegations. *Id*. In her response brief, Harris retorts that contrary to Equifax's characterization, her dispute *was* about a factual inaccuracy and not a legal challenge. R. 17, Pl.'s Resp. at 3. Harris contends that Equifax's characterization conveniently ignores her dispute letter, in which she informed Equifax that LVNV ignored her requests for documentation substantiating its claimed ownership of the debt and that LVNV could not establish ownership without the proper documentation. *Id*. Harris submits that the Seventh Circuit has long held that the question of ownership is a question of fact. *Id*. at 4 (citing *In re Meyer*, 151 F.3d 1033 (7th Cir. 1998) ("[t]he question of ownership is a pure question of fact")).

### i. Plaintiff's Ownership Defense—Legal Versus Fact Question

Equifax argues that Plaintiff's "ownership defense" is exactly the type of collateral attack on the validity of a debt that Equifax is not required by the FCRA to resolve. R. 19, Def.'s Reply at 1. As Equifax rightly notes, this legal versus fact question was recently addressed by the Seventh Circuit in *Denan v. Trans Union LLC*, 959 F.3d 290 (7th Cir. 2020). In *Denan*, the issue before the Court was whether § 1681e(b) and § 1681i(a) of the FCRA compel consumer reporting agencies to determine the legal validity of disputed debts. *Denan*, 959 F.3d at 297. Joining the

First, Ninth, and Tenth Circuits, the Seventh Circuit found that they do not, holding that a consumer's defense to a debt is a question for a court to resolve in a suit against the creditor, not a job imposed upon consumer reporting agencies by the FCRA. *Id.* The Seventh Circuit observed that consumer reporting agencies are not tribunals. *Id.* at 295. Rather, they collect consumer information supplied by furnishers, compile it into consumer reports, and provide those reports to authorized users. *Id.* As the Seventh Circuit explained:

> The FCRA imposes duties on consumer reporting agencies and furnishers in a manner consistent with their respective roles in the credit reporting market. Furnishers—such as banks, credit lenders and collection agencies—provide data to consumer reporting agencies. In turn, those agencies compile the furnished data into a comprehensive format, allowing others to evaluate the creditworthiness of a given consumer. Consumer reporting agencies and furnishers, though interrelated, serve distinct functions: furnishers report data to incentivize the repayment of debts, while consumer reporting agencies compile and report that data for a fee. What results is a credit reporting system, producing a vast flow and store of information of consumer information.

*Id.* at 294.

*Denan* has been followed by numerous district courts in this Circuit, in which the courts have dismissed nearly identical lawsuits on the ground that questions regarding the ownership of debts present legal, not factual disputes. *See Soyinka v. Equifax Info. Servs., LLC*, 2020 WL 5530133, at *2 (N.D. Ill. Sept. 15, 2020) (collecting cases, including *Chuluunbat v. Cavalry Portfolio Servs., LLC*, 2020 WL 4208106 (N.D. Ill. July 22, 2020) and *Rodas v. Experian Info. Sols., Inc.*, 2020 WL 4226669 (N.D. Ill. July 23, 2020)). Notably, Harris failed to address, much less distinguish, *Denan.*

As both parties cite *Chuluunbat* (Kocoras, J.) and *Rodas* (Coleman, J.), the Court examines those cases.

In *Chuluunbat*, the plaintiff opened and incurred debt on two credit card accounts (collectively, the debts). 2020 WL 4208106, at *1. Cavalry Portfolio Services (Cavalry) reported the debts as though it owned them. *Id*. Chuluunbat sent Cavalry two letters stating that their reporting was inaccurate. *Id*. After receiving the letters, Cavalry continued reporting that it owned the debts. *Id*. Chuluunbat also sent letters to the credit reporting agencies stating that inaccurate information was being reported on his credit report (namely, that Cavalry's reported ownership of the debts was inaccurate). *Id*. Nevertheless, the credit reporting agencies continued to report the debts as owned by Cavalry. *Id*. The plaintiff brought suit against Cavalry and the credit reporting agencies, alleging three counts of unreasonable reinvestigation under the FCRA. *Id*. Like here, the defendants moved to dismiss the complaint on the basis that it failed to allege a factual inaccuracy as required to state a claim under the FCRA. *Id*. at *2. The court granted the motion to dismiss, finding that in order to determine ownership, "one must first determine whether there exists an instrument through which ownership of the debt was transferred to Cavalry, whether the instrument was properly executed, and whether the instrument is legally enforceable." *Id*. at *3. The court concluded that "because the factual question is so closely intertwined with legal questions, the power to resolve them exceeds the competencies of the credit reporting agencies." *Id*.

Similarly, in *Rodas,* the plaintiff incurred an alleged debt on a Citibank N.A. consumer credit card (the debt). 2020 WL 4226669, at *1. The debt was allegedly assigned to Midland Credit Management (Midland), who reported the debt to the credit reporting agencies. *Id*. The plaintiff's counsel sent a letter to the credit reporting agencies asserting that they were reporting inaccurate information on the plaintiff's credit report regarding the debt. *Id*. Notwithstanding the counsel's letter, the credit reporting agencies continued to report the debt as owned by Midland. *Id*. The plaintiff filed suit against the credit reporting agencies alleging that the defendants had inaccurately reported that Midland owned his debt and were in violation of the FCRA. *Id*. As in *Chuluunbat* (and as in the case here), the defendants sought dismissal of the complaint on the basis that it failed to allege inaccurate information under the FCRA. *Id*. The court, citing *Denan*, noted that "inaccurate information" is interpreted to mean *factually* inaccurate information. *Id*. at *2. However, the court further found that plaintiff's claim was based on a "potential legal inaccuracy" and that whether the original creditor had transferred or assigned ownership to Midland was a question of law for a tribunal to determine before plaintiff may assert ownership as a factual inaccuracy under the FCRA. *Id*. Accordingly, the court granted defendants' motion for judgment on the pleadings.

Harris, against this considerable weight of authority, insists that *Chuluunbat* and *Rodas*[3] were wrongly decided, as the courts failed to make the proper distinction

---

[3]Both *Chuluunbat* and *Rodas* were decided during the parties' briefing of the instant motion to dismiss and before Harris filed her response brief. Both cases are now on appeal to the Seventh Circuit. *See Chuluunbat v. Cavalry Portfolio Servs., LLC*, No. 20-2373; *Rodas v.*

between a factual inaccuracy and a legal dispute. Pl.'s Resp. at 7. Instead, Harris urges the Court to follow *Meyer* and find that the ownership of a debt is a question of fact. The Court first notes that *Meyer* was issued in 1998. Seventh Circuit Rule 32.1 precludes courts from considering Seventh Circuit opinions issued before January 1, 2007. As such, the Court should not consider *Meyer* in resolution of this motion. Putting that aside, *Meyer* is factually distinguishable, as it involved ownership of a corporation, not a debt, and as Equifax rightly argues, had nothing to do with the FCRA. As such, even if the Court could consider *Meyer*, it is of little utility here.

Equifax points to another recent case that follows *Chuluunbat* and *Rodas*— *Molina v. Experian, et al.*, 2020 WL 4748149 (N.D. Ill. Aug. 17, 2020) (J. Lee)[4]. In *Molina*, the plaintiff incurred a debt for goods and services on a consumer credit card with Synchrony Bank. 2020 WL 4748149, at *1. At some point, Midland acquired the debt and filed suit against the plaintiff seeking to collect the debt. *Id*. Although Midland subsequently voluntarily dismissed the suit, it continued to inform the credit reporting agencies that it owned the debt. *Id*. The plaintiff's counsel sent a letter to the credit reporting agencies, claiming that the information provided by Midland was inaccurate. *Id*. The credit reporting agencies nevertheless continued to report that

---

*Experian Info. Sols., Inc.*, No. 20-2392. Neither Harris nor Equifax has moved the Court to stay resolution of this motion pending the appeals of *Chuluunbat* and *Rodas*.

[4]On the same day he issued *Molina*, Judge Lee also issued *Hoyos v. Experian Information Solutions, Inc., et al*, No. 20-cv-00408 (N.D. Ill. Aug. 17, 2020), in which he dismissed the complaint for the same reasons explained in *Molina*. Both *Molina* and *Hoyos* are also on appeal before the Seventh Circuit, No. 20-2775; No. 20-2776, and have been consolidated with the appeals in *Soyinka* and *Rodas*, No. 20-3000; No. 20-2392. Again, neither Harris nor Equifax has moved the Court to stay resolution of this motion pending these additional appeals.

Midland owned the debt. *Id*. The plaintiff filed suit, alleging that the credit reporting agency defendant violated § 1681e(b) and § 1681i(a) of the FCRA. *Id*. The court, citing *Chuluunbat* and *Rodas*, granted defendant's motion for judgment on the pleadings and found that the plaintiff's complaint failed to allege a factual inaccuracy in his credit report. *Id*. at *3. Notably, the court rejected the plaintiff's contention that pursuant to *Meyer*, ownership of a debt is a question of fact. As explained by the *Molina* court:

> Whether ownership of a debt involves closely intertwined questions of law and fact as the court held in *Chuluunbat* [citations omitted], or a question of law as the court held in *Rodas* [citations omitted], the question of ownership requires the resolution of complex issues beyond the competencies of consumer reporting agencies and is best left to the courts. Therefore, until such time a court concludes that Midland does not own the Debts, Molina cannot pursue claims under § 1681e(b) or § 1681i(a) of the FCRA on the basis that Trans Union's report of ownership is inaccurate."

*Id*.

The Court agrees with Equifax and finds *Molina*, *Chuluunbat*, and *Rodas* persuasive. Here, until such time a court concludes that LVNV does not own Harris's debt, Harris cannot pursue claims under § 1681e(b) or § 1681i(a) of the FCRA on the basis that Equifax's report of ownership is inaccurate. *See Molina*, 2020 WL 4748149, at *3 ("Therefore, until such time a court concludes that Midland does not own the Debts, Molina cannot pursue claims under § 1681e(b) or § 1681i(a) of the FCRA on the basis that Trans Union's report of ownership is inaccurate."). The Court finds, in viewing the allegations as true (as it must), that Harris has not pled and cannot plead that Equifax violated the FCRA.

## Conclusion

For the foregoing reasons, Defendant Equifax's motion to dismiss is granted. The dismissal is with prejudice, as the Court can discern no amendment that would cure the flaw in Harris's claims, and Harris herself does not request leave to amend in the event of dismissal. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in . . . dismissing a complaint with prejudice . . . when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint."). Civil case terminated.


Franklin U. Valderrama
United States District Judge

DATED: January 7, 2021